Janet Teal by John W. Teal, Appellee, v. St. Louis & Springfield Railway Company and St. Louis, Springfield & Peoria Railroad Company, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

### Statement of the Case.

Action by Janet Teal, by John W. Teal, her guardian, against the St. Louis & Springfield Railway Company and St. Louis, Springfield & Peoria Railroad Company to recover for personal injuries sustained by plaintiff from falling from an interurban car operated by defendants. From a judgment in favor of plaintiff for one thousand dollars, defendants appeal.

RINAKER & RINAKER, H. C. DILLON and BURTON & HAMILTON, for appellants.

E. C. KNOTTS and BELL & BURTON, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 367*—*when liable for failure to provide entrance from the car platform into the car.* In an action for injuries sustained by a passenger alleged to have been caused by being thrown from the rear platform of an interurban car by the swaying and lurching thereof when she was unable to gain entrance to the car because the doors were locked, or so tightly closed that she was unable to open them, and there was no employe of the defendants there to assist her, a verdict for plaintiff *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. Carriers, § 384*—*when rule of nonliability for ordinary sway-ing of car inapplicable.* The rule that a railroad company is not liable for injuries resulting from the swaying and lurching of a car, unless the swaying and lurching were unusual, is not applicable where the gravamen of the action is not laid as the swaying and lurching of the car.

3. Carriers, § 486*—*when instruction allowing recovery for neg-ligently starting car erroneous.* In an action for injuries caused by being thrown from platform of car by the starting thereof when plaintiff was unable to gain entrance to the car from the platform, an instruction allowing plaintiff to recover if the conductor "neg-ligently caused the car to start forward" without the limitation "before she had reasonable opportunity to enter it," *held* erroneous; but the giving of same when considered together with other instruc-tions given, *held* not to have misled the jury.